

U.S. Department of Justice
Civil Division

*Washington, DC 20530*

May 24, 2021

Natalia Sorgente
Baker Botts L.L.P.
700 K Street NW
Washington, DC 20001
natalia.sorgente@bakerbotts.com

VIA EMAIL

    Re:    **Final Demand for Payment by CCM TCEP, LLC to the U.S. Department of Energy under a March 5, 2012 Payment Agreement**

Dear Ms. Sorgente:

    I am writing on behalf of the U.S. Department of Energy (Energy) to send a final demand for payment to your client, CCM TCEP, LLC (CCM) in advance of our meeting tomorrow. Energy demands that CCM pay $6 million within 30 days or reach agreement with Energy on an acceptable payment schedule in accord with CCM's payment obligations under the 2012 guaranty agreement between Energy and CCM (Payment Agreement).

    The Payment Agreement requires CCM to disburse $6 million to Energy from a collateral account if the federal award recipient, Summit Texas Clean Energy, LLC (Summit), failed to achieve the technical objectives for the first phase of a clean coal project and failed to repay a portion of that project to Energy. As you know, Summit failed to achieve these objectives by the extended deadline of July 14, 2016, failed to repay its portion of the project, and lost its administrative appeal to the agency on December 20, 2016.

    The $6 million is now long past due. Therefore, please make arrangements for your client to pay Energy within 30 days, *i.e.*, no later than June 23, 2021, or make a proposal regarding payment terms to satisfy this debt. The Department of Justice will consider a payment plan for the full amount of the debt. As I have noted previously, the Department may only compromise this debt because of litigation risk or your client's inability to pay. And, as I have explained in prior settlement exchanges, the small litigation risk to the United States on this claim does not justify your client's earlier proposal of $1.65 million. Any payment plan must be justified based on CCM's inability to pay, and CCM would be required to make detailed financial disclosures to support such an arrangement.

    Please also be aware that CCM will be liable for the $6 million plus any interest owed under 31 U.S.C. § 3717, 31 C.F.R. § 901.2, and all applicable law, if CCM chooses not

Complaint Exhibit 14

to pay within 30 days or the parties do not reach an alternative arrangement on the amount and timing of payment. We look forward to discussing this matter with you and your client on Tuesday, May 25th.

                Sincerely,

                *s/John R. Kresse*

                John R. Kresse

cc:  Tiffiney F. Carney, Trial Attorney, U.S. Department of Justice
    (tiffiney.carney@usdoj.gov)
    Michael J. Quinn, Senior Litigation Counsel, U.S. Department of Justice
    (michael.quinn3@usdoj.gov)
    Bettina Mumme, Trial Attorney, U.S. Department of Energy
    (bettina.mumme@hq.doe.gov)

    (all by email)